UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 03-cr-40053-JPG |
| | ) |
| GREGORY WOODS, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Gregory Woods' *pro se* Motion (Doc. 210) for a reduction of his criminal sentence pursuant to 18 U.S.C. § 3582(c)(2) and United States Sentencing Guidelines Manual (hereinafter "U.S.S.G.") § 1B1.10.  The Court appointed counsel for Woods, and said counsel has since moved to withdraw on the basis that she can make no non-frivolous arguments in support of Woods' request.  (*See* Doc. 250); *see also Anders v. California*, 386 U.S. 738, 744 (1967).  Despite the allowance of a response period by this Court (*see* Doc. 251), Woods did not respond to defense counsel's motion.  Meanwhile, the Government filed a Response (Doc. 252) that agreed with the basic assertions and relief sought by defense counsel.

Woods pled guilty to one count of conspiracy to distribute a mixture and substance containing cocaine base/"crack cocaine."  At sentencing, the Court found by a preponderance of the evidence that Woods' relevant conduct was at least 500 grams but less than 1.5 kilograms, which under U.S.S.G. § 2D1.1 yielded a base offense level of 36.  Woods' offense level was thereafter reduced by 3 points under U.S.S.G. § 3E1.1 for acceptance of responsibility. Considering Woods' total offense level of 33 and his criminal history category of III , this yielded a sentencing range of 168 to 210 months.  However, because the Government filed an enhancement pursuant to 21 U.S.C. § 851, Woods' mandatory minimum sentence was 20 years.

*See* 21 U.S.C. § 841(b)(1)(A) (2006). Woods now asks the Court to apply recent changes to U.S.S.G. § 2D1.1 to lower his sentence.

Section 3582(c)(2) allows the Court to reduce a defendant's previously imposed sentence where "a defendant . . . has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." In doing so, the Court must consider the factors set forth in 18 U.S.C. § 3553(a) and must ensure that any reduction "is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2) (2006). Thus, a defendant urging a sentence reduction under § 3582(c)(2) must satisfy two criteria: (1) the Sentencing Commission must have lowered the applicable guideline sentencing range, and (2) the reduction must be consistent with applicable policy statements issued by the Sentencing Commission. If the defendant cannot satisfy the first criterion, the Court has no subject matter jurisdiction to consider any reduction request. *United States v. Lawrence*, 535 F.3d 631, 637-38 (7th Cir. 2008); *see United States v. Forman*, 553 F.3d 585, 588 (7th Cir. 2008), *cert. denied sub nom. McKnight v. United States*, 129 S. Ct. 1924 (2009).

Woods cannot satisfy the first criterion because he was not "sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o)." 18 U.S.C. § 3582(c)(2) (2006). Amendments 706 and 711 amended U.S.S.G. § 2D1.1(c) as of November 1, 2007, to lower by two points the base offense levels associated with various amounts of crack cocaine. The Sentencing Commission amended U.S.S.G. § 2D1.1(c) intending to alter the disparity in sentences involving crack cocaine and sentences involving powder cocaine. The amendments did not, however, reduce the sentencing range of defendants whose minimum guideline sentence was determined under

U.S.S.G. § 5G1.1(b) based on a mandatory minimum rather than under U.S.S.G. § 2D1.1 based on relevant conduct amounts.  *See Forman*, 553 F.3d at 588 ("Nothing in § 3582(c)(2) permits a court to reduce a sentence below the mandatory minimum.").  Because Woods was sentenced based on a mandatory minimum sentence in accordance with U.S.S.G. § 5G1.1(b), not his base offense level set forth in U.S.S.G. § 2D1.1, under the old and amended guidelines, his guideline sentence would have been 20 years imprisonment.  Thus, the amendments did not lower his guideline range, and he cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction.

Because Woods cannot satisfy the first criterion under 18 U.S.C. § 3582(c)(2) for obtaining a sentence reduction, the Court does not have subject matter jurisdiction to consider his reduction request.  *See Forman*, 553 F.3d at 588;  *Lawrence*, 535 F.3d at 637-38.  The Court therefore **GRANTS** counsel's Motion (Doc. 250) to withdraw and **DISMISSES** Woods' *pro se* Motion (Doc. 210) for a sentence reduction for lack of jurisdiction.

The Court **DIRECTS** the Clerk of Court to mail a copy of this Memorandum and Order to Gregory Woods, Reg. #06189-025, FMC Lexington, Federal Medical Center, P.O. Box 14500, Lexington, KY 40512.

**IT IS SO ORDERED.**
**DATED: March 4, 2010**

<u>s/ J. Phil Gilbert</u>
**J. PHIL GILBERT**
**DISTRICT JUDGE**